| Case No. | **CV 17-5128-DMG (PJWx)** | | Date | September 15, 2017 |
|---|---|---|---|---|

| Title | ***Ronnie Newsom v. Dunbar Armored, Inc., et al.*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On August 30, 2017, the Court issued an Order to Show Cause questioning Defendant's claim in the Removal Notice that this action satisfies 28 U.S.C. § 1332(a)'s amount in controversy requirement. [Doc. # 13.] Subsequently, the parties each briefed this issue. Def.'s Suppl. Br. [Doc. # 14]; Pl.'s Br. re Jurisdiction [Doc. # 15]. For the reasons discussed in this Order, the Court concludes that Defendant fails to demonstrate that the amount in controversy exceeds $75,000.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction [under that statute] must be rejected if there is *any doubt* as to the right of removal in the first instance." *See id.* (emphasis added). Put differently, there is a "strong presumption against removal" in the context of traditional diversity jurisdiction. *See id.* "If it is *unclear* what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.* at 566–67.

Here, although Defendant advances seven arguments intended to establish that the amount in controversy exceeds $75,000, Defendant's position hinges upon one of two premises: (1) the amount of overtime pay Plaintiff seeks is at least $100,620, calculated at $645 per week (for at least 30 hours of unpaid overtime work each week) for his last three years of employment; or (2) Plaintiff seeks to recover uncompensated meal and rest breaks of $494 to $602 per week for every week during his last three years of employment.[1] *See* Def.'s Suppl. Br. at 3–4.

---

[1] Defendant also claims: (1) the Complaint explicitly states that it seeks in excess of $25,000 in special damages, interest, and penalties; (2) Plaintiff requests up to $4,000 for his inaccurate wage statement claim and waiting time penalties of at least $5,000; (3) if Plaintiff prevailed on his wrongful termination claim, his lost wages at the time of removal would be at least $10,324; (4) the Complaint seeks recovery of between $19,780 and $22,926 for unpaid overtime and/or doubletime pay corresponding to each week worked between September 2016 and

Defendant fails to establish that either of these assumptions are reasonable. With regard to the first assumption, the Complaint does not appear to specify the number of weeks for which Plaintiff was not paid for at least 30 hours of overtime work. The Complaint cryptically states that "Plaintiff thereby requests payment of all accrued and owed unpaid wages consisting of at least thirty (30) hours per week, at a rate of $21.50 per hour measured at time and a half, or $645 per week for every week *he is entitled to claim under California Labor Code section 202 et seq.*" Compl. at ¶ 21 (emphasis added). Nonetheless, Defendant claims that another portion of the Complaint "clarifies" that Plaintiff is actually alleging that he was not compensated at least 30 hours of overtime work during the last three years of his employment. *See* Def.'s Suppl. Br. at 3. Specifically, Defendant relies upon the following averment: "Plaintiff worked more than eight (8) hours in a workday and *more than forty (40) hours* in a workweek basically *every week in the last three years* he was employed with Defendant." *See* Compl. at ¶ 14 (emphasis added). Yet, Defendant provides no explanation or supporting evidence showing that Plaintiff's allegation that he worked "more than forty (40) hours in a workweek" somehow equates to at least 30 hours of unpaid overtime. *See* Def.'s Suppl. Br. at 1–4. Thus, this is an "unreasonable assumption[]" that cannot support the invocation of this Court's diversity jurisdiction.[2] *See Ibarra*, 775 F.3d at 1197.

With respect to the calculation of the damages for uncompensated meal and rest breaks, Defendant relies upon a portion of the Complaint that avers: "Plaintiff is to be compensated for such rest and meal breaks at his overtime rate of $21.50 per hour, or a total of $494–$602 per week for every week available to Plaintiff to make such a claim, *including but not limited to his last three (3) years of employment with Defendant.*" *See* Def.'s Suppl. Br. at 3 (emphasis added) (quoting Compl. at ¶ 37). This portion of the Complaint is quite ambiguous—it could be interpreted as merely alleging that Plaintiff is entitled to meal and rest break compensation for certain weeks he worked within the last three years of his employment, or as averring that Plaintiff is entitled to meal and rest break compensation for *every* week he worked during the last three years of his employment. Defendant selects the latter interpretation without explaining or even acknowledging the ambiguity, or providing any evidence that Plaintiff worked sufficient overtime during his final three years of employment to potentially trigger the obligation to pay

---

Plaintiff's termination on February 23, 2017; and (5) Plaintiff requests "an unspecified amount of 'punitive and exemplary damages.'" *See* Def.'s Suppl. Br. at 2–4 (quoting Compl. at 13). Moreover, Defendant apparently abandons the argument raised in its Removal Notice that "attorneys' fees alone in this case will exceed **$50,000**[.]" *See* Removal Notice at ¶ 19.d. (emphasis in original).

[2] Further, Defendant apparently neglects to mention that its calculation of this overtime damages figure is partially duplicative of its calculation of Plaintiff's overtime and/or doubletime damages accruing between September 2016 and his final day of employment.

Plaintiff at least $494/week for *every week* during that three-year period.[3] *See* Def.'s Suppl. Br. at 1–4. Because it remains "*unclear* what amount of damages the plaintiff has sought[,]" Defendant does not overcome the "strong presumption against removal[.]" *See Gaus*, 980 F.2d at 566.

Accordingly, this action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

---

[3] Additionally, Defendant provides no explanation or evidence showing that it is reasonable to assume that Plaintiff "did not receive his required meal and rest breaks for . . . one-half of . . . the last three years," which would yield damages between $38,532 and $46,956. *See* Def.'s Suppl. Br. at 4.